Alice VAN ARSDALE, Plaintiff,

v.

Robert R. CLAXTON et al.,
Defendants.

Civ. No. 74–566.

United States District Court,
S. D. California.

March 10, 1975.

## MEMORANDUM OPINION AND ORDER

GORDON THOMPSON, Jr., District Judge.

■ This matter is before the court on defendant David H. Hayworth's motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Jurisdiction for the underlying action is based upon alleged violations of the federal securities laws.[1] For the reasons discussed below, the court must conclude that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

The allegations contained in the complaint fail to establish a violation of federal securities laws. The court is mindful of the expansive trend in this area and of the Supreme Court's own suggestion of liberality in determining jurisdiction. Tcherepinin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967). However, when substance is elevated over form, there is little question that the transaction found herein does not invoke the protection of federal legislation.

The facts alleged in the complaint indicate that the plaintiff was desirous of acquiring income property. Plaintiff was approached by a real estate salesman and a broker who suggested an exchange of real property. The proposal involved the transfer of a residence, owned by plaintiff, plus cash and a note in exchange for a mobile home park. The park was owned by a partnership which in turn was composed of two general and seven limited partners. The park was the sole asset of the partnership. Due to the presence of existing financing arrangements and encumberances it was agreed that in lieu of simply transfering the deed for the park to

Gerald J. O'Neill, of Higgs, Fletcher & Mack, San Diego, Cal., for plaintiff.

David H. Hayworth, in pro per.

1. Section 10(b) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.10b–5, as well as pendent jurisdiction for claims under California Corporations Code § 25401 and principles of common law.

the plaintiff, the entire partnership and all of its assets would be sold.

It is alleged that these negotiations utilized the instrumentalities of the mails and telephone. During the course of these discussions various oral and written representations allegedly occurred.

The parties agreed to the transfer and the matter was consummated with the exchange of property and the receipt by a trust established by the defendants of plaintiff's cash and notes. Subsequently, defects were discovered in the foundation of the residence transfered by plaintiff. A partial rescission followed with plaintiff remaining in possession of the park. Due to alleged misrepresentations, plaintiff has filed the instant action seeking rescission and damages. All of the parties discussed above have been named as defendants.

Plaintiff would have this court conclude that the sale of the entire partnership is analogous to the sale of fractional security interests and that the presence of a note of indebtedness automatically creates federal jurisdiction. The facts alleged in this case do not support that broad of a construction of federal securities jurisdiction.

■■ Initially, the court should note that generally limited partnership interests are considered to be within the definition of the term securities.[2] This results from the fact that, under the Uniform Limited Partnership Act,[3] a limited partner may not take part in the control of the business; he must retain the status of a passive investor. If a limited partner becomes involved with the operation of the enterprise, he will destroy his status as a limited partner and will find that he is no longer sheltered from personal liability. Limited partnership interests by definition thus falls squarely within the scope of a security under both the Federal and California Securities Acts.[4]

■ However, in the case at hand plaintiff did not acquire a limited partnership interest; plaintiff purchased the entire partnership. Accordingly, the court is faced with the question: does the acquisition of the undivided whole fall within the definition of a security?

■ The definition of a security is broad and comprehensive, and is intended to embrace a wide variety of investment interests. Generally speaking, it means any transaction or scheme in which a person " . . . invests his money in a common enterprise and is led to expect profits solely from the efforts of . . . a third party . . .," it being unimportant whether the interest bought or sold is represented by formal certificates or by undivided interests in the physical assets of the business. S.E.C. v. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). This definition was recently expanded in this circuit. In S.E.C. v. Glenn W. Turner Enterprises, Inc., 474 F.2d 476 (9th Cir. 1973), the court held that a security may be present where there is an investment in a common enterprise and "[t]he efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise." *Id.* at 482.

The complaint in the case at hand does not allege that plaintiff purchased a divided interest in the partnership. It appears that plaintiff purchased the entire partnership and all of its assets. Further, there is no allegation that defendants retained any interest in the property transfered to plaintiff. In short, there is neither an allegation of "investment in a common enterprise" nor a suggestion that plaintiff would

2. 1 Bromberg, Securities Law: Fraud SEC Rule 10b–5 4.6 (333) (1969).

3. Adopted in California at Calif.Corps.Code § 15501 et seq. (Wests 1974).

4. *See* Marsh and Volk, Practice Under the California Corporate Securities Law of 1968 (1969).

rely on the "significant efforts of others."

■ The significance of the concepts of "common enterprise" and "reliance on the efforts of others" is reflected in the following comment:

The line is drawn, however, where neither the element of a common enterprise nor the element of reliance on the efforts of another is present. For example, no 'investment contract' is involved when a person invests in real estate, with the hope perhaps of earning a profit as the result of a general increase in values concurrent with the development of the neighborhood, as long as he does not do so as part of an enterprise whereby it is expressly or impliedly understood that the property will be developed or operated by others. 1 Loss, Securities Regulation, 491–2 (2d ed., 1961). *See* Contract Buyers League v. F & P Investment, 300 F.Supp. 210, 224 (N.D.Ill.1969).

The authorities discussed above indicate to the court that the sale of the partnership involved herein does not fall within the scope of the federal securities laws.

■ A second basis for federal jurisdiction has been offered by plaintiff. In the original transaction between the parties, plaintiff executed a note as partial payment for the purchase of the partnership. The definitional section of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10) (1970) provides that unless the context otherwise requires: ". . . (10) the term 'security' means any note . . . ." Plaintiff contends that the presence of this note creates jurisdiction because the note falls within the definition of a security.

After considering the decisions cited and the arguments of both parties, it is the conclusion of this court that the concept of a security cannot be strained to cover the transaction as pled herein. The definitional section is introduced by the phrase "unless the context otherwise requires."

The facts as pled in this case suggest a commercial context and require a holding that the transaction did not involve a purchase or sale of securities. Bellah v. First National Bank of Hereford, Texas, 495 F.2d 1109 (5th Cir. 1974). This was a personal promissory note issued by a private party. The complaint contains neither an allegation that there was a public offering of the note nor a claim that the note was procured for speculation or investment. Lino v. City Investing Co., 487 F.2d 689 (3rd Cir. 1973).

■ Plaintiff's argument, when carried to its logical conclusion, would bring almost all commercial real estate transactions within the parameters of federal jurisdiction. The court is mindful of the Supreme Court's admonition to read the Securities Act broadly, Tcherepinin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967), but nevertheless must conclude that acceptance of plaintiff's position would lead to an untenable expansion of the jurisdiction of the federal courts.

■ Whether a particular investment constitutes a security depends upon the facts and circumstances of each case. S.E.C. v. Joiner Corp., 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88 (1943); S.E.C. v. Howey Co., *supra*; S.E.C. v. Glenn W. Turner Enterprises, Inc., *supra*. Substance is exalted over form and emphasis is placed on economic reality. Continental Marketing Corp. v. S.E.C., 387 F.2d 466, 470 (10th Cir. 1967). When the facts alleged in the complaint are carefully examined, the court is forced to conclude that defendants' motion to dismiss must be granted. Recognizing that plaintiff may be able to allege sufficient facts to establish jurisdiction, plaintiff is hereby given leave to amend his original complaint if he so desires.

Accordingly,

It is the order of this court that defendants' motion to dismiss should be and hereby is granted.